FIRST TRUST COMPANY OF LINCOLN, TRUSTEE, APPELLEE, V. JOHN BROWN ET AL., APPELLEES: DAN DAILEY, TRUSTEE, APPELLANT.

FILED APRIL 5, 1935. No. 29249.

*J. H. Barry* and *Pallat & Dolezal,* for appellant.

*Hendricks & Kokjer, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

GOSS, C. J.

The district court overruled a motion to set aside a sale made under a decree of foreclosure, and Dan Dailey, trustee of the depositors' committee of Colon State Bank, who was a cross-petitioner, appealed.

The decree was entered December 24, 1932, giving plaintiff a first lien on a quarter-section of land for $13,297.02, with interest at 10 per cent. from November 30, 1932, giving Dailey as trustee a second lien for $8,309.46, with legal interest, and granting the owner a stay of eleven months. An order of sale was issued November 29, 1933. The sheriff duly sold the land to plaintiff for $14,820 and the sale was confirmed January 9, 1934. On January 20, 1934, Dailey filed his motion to set aside the confirmation because (1) of inadequacy of the consideration for which the property sold, (2) of misrepresentations made prior to the sale, deterring prospective purchasers, (3) if the premises are resold they would bring a greater price, and (4) the cross-petitioner had no opportunity to file objections to the confirmation. The matter was duly heard on the record, on affidavits, and on the testimony of six witnesses. The court entered a decree on the motion finding that the objector was present at the sale, knew the amount bid, and that the real estate was sold to plaintiff; that neither the objector nor any member of the depositors' committee made any effort to obtain a bidder at the sale, nor made any objection to the confirmation thereof until more than ten days after said sale had been confirmed, and not until the real estate had been sold to an innocent third party; and that there were no misrepresentations or misconduct connected with the sale. The errors assigned are that the judgment is contrary to the law and not sustained by the evidence.

The evidence shows that Paul C. Burmeister had pur-

chased the decree of foreclosure from plaintiff in November, 1933, and that, after the sale was confirmed, he purchased for a consideration of $550, from John Brown, the owner of the fee, his waiver of a moratorium and equity of redemption. There was another consideration in the deal. That was the leasing of the land for three years to Lloyd Brown, son of defendants Brown. Before the motion by Dailey was filed, Burmeister had sold the land to William Pickett, who is the party mentioned in the decree as the innocent purchaser. Burmeister had sold the land for $16,250, had received $2,000 down and agreed to give a warranty deed on March 1, 1934. When the land was sold at the judicial sale the 1932 taxes, amounting to $293 and interest, were delinquent.

An affidavit of Arthur Rasmussen, dated January 29, 1934, shows that he would, if the land was offered again at judicial sale, bid $16,500.

Without detailing the evidence, it shows there were no misrepresentations deterring bidders, that the appellant waited eleven days after the confirmation of sale before moving to set it aside, and that, in the meantime, the land had been sold to an innocent purchaser and had been leased for three years to a tenant by an arrangement, a part of the consideration of which was the waiving of legal rights by the mortgagor defendant. In view of these facts and of the accumulating interest and taxes, we think the increase of the offered bid was not a good reason for the district court to set the sale aside. While the order to show cause against confirmation gave short notice, we presume, in the absence of evidence to the contrary, that it complied with the rules of the court. None of the grounds assigned warrants a reversal. The judgment of the district court is

AFFIRMED.